**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Pamela Eckhaus,<br><br>Plaintiff,<br><br>vs.<br><br>Nature's Pillows et al.,<br><br>Defendants. | Case No. 08-CV-4720<br><br>Honorable Amy J. St. Eve<br><br>Magistrate Judge Keys |

## MOTION FOR REASSIGNMENT OF CASE AS RELATED

Brian C. Witter ("Witter"), pursuant to LR 40.4, for his motion to reassign Case No. 08-CV-4825 as related, states as follows:

### 1. The Related Actions.

### A. The Enforcement Action.

1.      The instant case is an action to enforce in this District a final federal court judgment entered in the United States District Court for the Eastern District of New York on June 24, 2008 by the Honorable Frederic Block in the matter of ***Eckhaus v. Nature's Pillows, et al., 06-CV-985.***

2.      The Eckhaus final judgment, for $298,000 in attorneys' fees, awards Witter, a co-judgment creditor, $149,000; the other co-judgment creditor, the Oakbrook Terrace law firm of DiTommaso Lubin, PC ("D & L"), is entitled equally to $149,000.

3.      A certified copy of the New York judgment was registered with the Clerk of the United States District Court for the Northern District of Illinois on August 19, 2008

pursuant to 28 U.S.C. § 1963 and may now be given the same force and effect by this Court as the original judgment and enforced accordingly.

4.      On August 21, 2008, this court, at a hearing on Witter's ***Emergency Motion to Enforce Judgment and for Other Relief,*** "took jurisdiction to determine jurisdiction" and requested briefing on the issues of: (1) the scope of the court's ancillary jurisdiction; and (2) the effect of the New York court's retention of jurisdiction to enforce the terms of the June 24, 2008 judgment. (Witter's ***Emergency Motion to Enforce Judgment and for Other Relief*** is attached hereto as Exhibit A.)

### B. The Removal Action.

5.      On August 24, 2008, Witter filed a Notice of Removal with respect to a state court proceeding—in the form of a Petition for Preliminary Injunction—which was filed on July 28, 2008 attempting to collaterally attack the New York judgment thirty-four days after the judgment became final on the merits for appellate and claim preclusion purposes, and four days after any opportunity for appellate review had elapsed.

6.      The state court case, captioned ***DiTommaso Lubin v. Witter, et al., Case No. 08-CH-2378***, was pending in the Court of the Eighteenth Judicial Circuit, DuPage County, Wheaton, Illinois. (Notice of the Removal Action was filed with the Clerk of the DuPage County Court on August 26, 2008; the Notice of Removal is attached hereto as Exhibit B.)

7.      The Removal Action—the case Witter seeks to have reassigned to this court as a related action—is currently assigned to the Honorable Rebecca Pallmeyer, Case. No. 08-CV-4825. (Judge Pallmeyer has been provided with a courtesy copy of this

motion and her Courtroom Deputy has been alerted to the pendency of the earlier-filed action and the intention of movant to seek reassignment based on relatedness.)

### 2. LR 40.4(a) Conditions.

8.      The two cases concern precisely the same issues: (1) they involve the same property—the $298,000 check payable in satisfaction of the New York judgment; (2) they have identical issues of fact and law; and (3) they grow out of the same transaction and occurrence. Therefore, relatedness is plainly satisfied under LR 40.4(a).

9.      The two matters are essentially the same case, although the disputants view the legal consequences of federal court judgments, the absoluteness of procedural deadlines, and the effects of ultimate repose and finality through rather differently calibrated lenses.

10.      In the world of the Removal Action, no judgment is ever final, matters can be relitigated apparently forever and anywhere, courtroom musings and colloquy not incorporated into final orders rise from the grave to collaterally attack judgments after the appeal time has lapsed, and the Second Circuit Court of Appeals is located not in New York City but in DuPage County.

11.      The Enforcement Action, by contrast, simply seeks to divide equally the proceeds of a single check drawn in favor of two parties in satisfaction of a final judgment, and suggests that principles of finality, logic, and judicial efficiency compel such a result.

### 3. LR 40.4(b) Conditions.

12.      Each of the four conditions for reassignment enumerated in LR 40.4(b) is satisfied here.

13.    Both cases are pending in this Court.

14.    Certainly, too, the handling of both matters by the same Judge will save time, effort, and judicial resources.

15.    The earlier filed action has not progressed to a point where any delay in the proceedings or prejudice to any party could possibly result.

16.    And, finally, given that the only actions that need be taken—assuming jurisdiction is assumed—is the payment into the registry of court of the disputed check pursuant to Rule 67(a) and the immediate and equal distribution of the judgment proceeds to the judgment creditors, the matters are susceptible of disposition in a single proceeding. [1]

### 4. Conclusion.

17.    In sum, all of the requirements under the local rule are met for reassignment based on relatedness. The Removal Action, the later-filed case, should therefore be reassigned to the calendar of Judge St. Eve.

**WHEREFORE**, Witter prays that his *Motion for Reassignment of Case as Related* be granted; and that Case. No. 08-CV-4825, currently assigned to Judge Pallmeyer, be reassigned to this court for disposition concurrently with Case No. 08-CV-4720.

### /s/Brian C. Witter

**Dated: August 28, 2008**

---

[1]    Although LR40.4(c) cautions that motions to reassign for relatedness should not generally be filed pre-answer, the relative simplicity of the relief requested in the Enforcement Action is such that efficiency would be served by immediate reassignment.

Brian C. Witter
**Law Offices of Brian C. Witter, P.C.**
111 West Jackson Boulevard
Suite 1100
Chicago, IL 60604
(312) 961-4942 (T)
(312) 386-9759 (F)
*briancwitterpc@gmail.com*
Attorney No. 6198156

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**



**FILED**

AUG 2 0 2008
Aug 20, 2008
JUDGE AMY ST. EVE
United States District Court

Pamela Eckhaus,                      )
                                     )
        **Plaintiff,**           )
                                     )    **Case No. 08-CV-4720**
        **vs.**                  )
                                     )    **Honorable Amy St. Eve**
                                     )
Nature's Pillows, et al.             )    **Magistrate Judge Keys**
                                     )
        **Defendants.**          )
                                     )

## EMERGENCY MOTION TO ENFORCE JUDGMENT AND FOR OTHER RELIEF

Brian C. Witter ("Witter"), for his Emergency Motion to Enforce Judgment and for Other Relief, states as follows:

### 1. NATURE OF THE ACTION

1.     This is an action to enforce a final Federal Court Judgment entered in the United States District Court for the Eastern District of New York on June 24, 2008 by the Honorable Frederic Block in the matter of ***Eckhaus v. Nature's Pillows, et al., 06-CV-985.***

2.     The Eckhaus final judgment, for $298,000 in attorneys' fees, awards Witter, a co-judgment creditor, $149,000; the other co-judgment creditor, the Oakbrook Terrace law firm of DiTommaso Lubin, PC ("D & L"), is entitled equally to $149,000.

3.     A certified copy of the New York judgment was registered with the Clerk of the United States District Court for the Northern District of Illinois on August 19, 2008 pursuant to 28 U.S.C. § 1963 and may now be given the same force and effect by this Court as the original judgment and enforced accordingly. (A copy of the certified judgment is attached hereto as Exhibit A.)

## 2. JURISDICTION AND VENUE

4.      This court has jurisdiction over this action pursuant to 28 U.S.C. § 1367, as the matter falls within the Court's supplemental jurisdiction. ***Kokkonen v. Guardian Life Insurance Co.,*** 511 US 375, 379 (1994) (ancillary jurisdiction permits district court, *inter alia,* "to vindicate its authority and effectuate its decrees"); ***Yang v. City of Chicago,*** 137 F3d 522, 525 (7th Cir 1998) (citing to extensive authority).

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and § 1391(b)(2), as the judgment in question is registered in this district, and the property in dispute is located in this district.

6.      Movant and judgment creditor Brian C. Witter, a citizen and resident of Chicago, Illinois, has been a member in good standing of this Court's General Bar since 1988 and its Trial Bar since 1991.

7.      Judgment creditor DiTommaso Lubin, PC, is an Illinois professional corporation engaged in the practice of law, with its principal place of business in Oakbrook Terrace, Illinois.

## 3. ENFORCING THE FINAL JUDGMENT AND EQUALLY DISTRIBUTING THE SETTLEMENT PROCEEDS.

8.      The June 24, 2008 Final Approval Order entered in the Eckhaus case awarded equal discretion over the distribution of $298,000 in attorneys' fees to Witter and D & L.

9.      On July 7, 2008, defendants' counsel in the Eckhaus matter, Richard P. McElroy, sent a check drawn by his client for $298,000 made out jointly to Witter and D & L in satisfaction of the June 24, 2008 judgment. (A copy of the check made jointly payable to Witter and D & L is attached hereto as Exhibit B; and Mr. McElroy's letter transmitting the check is attached hereto as Exhibit C.) The check payable in satisfaction of the judgment, on information and belief, is in the possession of counsel for D & L, Joseph M. Laraia, Esq., a practitioner

2

located in Wheaton, Illinois. D & L, through Mr. Laraia, has consistently refused to allow the
check to be negotiated since it imagines that it should be entitled to a greater share of the
judgment proceeds, irrespective of what the New York final and appealable order plainly states
*and despite its failure to seek either to amend, alter, reconsider or appeal the judgment in the
proper federal forum.*

10.     An Article III Court entered a final and appealable order in the New York case. D
& L, however—although distressed by Judge Block's ruling—and despite myriad available
remedies, failed to seek post-judgment relief in either the trial court or in the Second Circuit
Court of Appeals, allowing the judgment to become final. ("[A] federal judgment becomes final
for appellate review and claim preclusion purposes when the district court disassociates itself
from the case, leaving nothing to be done at the court of first instance save the execution of the
judgment." *Clay v. United States, 537 U.S. 522, 526 (2003).* [1]

11.     Instead, thirty-five days after the New York Judgment became final on the merits
for appellate and claim preclusion purposes, and five days after any opportunity for appellate
review had elapsed, D & L filed an injunction petition in an Illinois Court seeking to collaterally
attack the final judgment.

12.     D & L, due to its eschewal of the rules and plain mandates of post-judgment
federal practice, now finds itself with no remedy whatsoever. Certainly its proposal to an Illinois
State Court to sit as an Appellate Court to review a final federal court judgment is a nonstarter

---

[1]     The finality rule under 28 U.S.C. § 1291 has been stated by the United States Supreme
Court as follows: "the general rule is that a party is entitled to a single appeal, to be deferred until
final judgment has been entered, in which claims of district court error at any stage of the
litigation may be ventilated." *Digital Equipment Corp. v. Desktop Direct Corp., 511 US 563,
568 (1994).* Accordingly, a decision is considered final and appealable under § 1291 only if it
"ends the litigation on the merits and leaves nothing for the court to do but execute the
judgment." *Catlin v. United States, 324 US 229, 233 (1945).*

3

and should not be countenanced by any federal court with jurisdiction over the identical subject matter.

13.     The settlement check is currently non-negotiable. D & L's state court Petition for a Preliminary Injunction is currently pending in the Eighteenth Judicial Circuit, DuPage County, Wheaton, Illinois, Case Number, 08-CH-2378. Witter has moved to dismiss the Petition pursuant to 735 ILCS § 5/2-619(a)(4 ) on jurisdictional and *res judicata* grounds as barred by a prior federal court judgment since D & L argued for a greater share of the judgment proceeds on the basis of a purported contractual relationship between it and Witter at the Eckhaus Final Approval Hearing.[2]

14     The state court injunction petition simply rehashes the same arguments made at the Eckhaus Final Approval hearing that Judge Block found unpersuasive and which are now barred jurisdictionally and by the doctrine of *res judicata*. [3]

---

[2]     D & L's failure to seek post-judgment relief in the New York Court bars relitigation of the claims in Illinois because it raised and vigorously argued these precise contract claims before Judge Block at the June 23, 2008 fairness hearing in Brooklyn, New York. Indeed, D & L not only argued these claims in the New York case, it attached the DuPage County complaint to a Federal Court pleading setting forth the identical contract claims that it now asks an Illinois State Court Judge to review *See* Eckhaus case, *06-CV-985*, EDNY Docket # 76, filed June 23, 2008: Docket Text: *Letter to Judge Block in Response to Brian Witter's Motion re: Final Approval and Entry of Amended Final Approval Order* (Attachments: # (1) Exhibit [DuPage County] Complaint.)

[3]     Indeed, it is difficult to accord good faith to D & L's contract claim, which relies on an abrogated and moribund instrument that: (a) was terminated three months before the judgment at issue here was entered, (b) has the wrong party as signatory—Witter's PC and not Witter individually; and (c) contained no "survival of terms clause." Essentially an "at will" collaboration agreement, the contract moreover had mutual termination provisions so the "at will" nature of the agreement could not be clearer and the need for an explicit survival of terms clause any more obvious or essential. Given the jurisdictional and *res judicata* bars to D & L's contract claims, the Court needn't concern itself with the substance of the claims: the issue is merely academic. (Academic, that is, if one is willing to leave aside the questions of the claims' good faith assertion and the requirements of thorough prefiling investigation mandated by Federal Rule 11 and its Illinois counterpart, Supreme Court Rule 137.)

## 4. ENJOINING THE STATE COURT CASE.

15.    Once an Article III Court has entered a final and appealable order—a Rule 54(a)

judgment—while there are a variety of ways to seek post-judgment relief in the District Court or

on appeal, the federal judgment automatically precludes subsequent state court litigation due to

the Supremacy Clause of Article VI of the United States Constitution. This is basic federalism.

16.    Indeed, according to one of the leading scholars of federal jurisdiction, "the

suggestion that state courts should be free to disregard the judgments of federal courts is so

unthinkable that the rule rejecting any such suggestion has been stated in an unbroken line of

cases..." *Wright, Law of Federal Courts, 4th Ed., (1983), p. 694.* D & L's Petition invites a state

court judge to do just that: disregard and overrule a final federal court judgment. [4]

17.    D & L let pass every federal post-judgment procedural deadline under both the

Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure. Instead, it filed a

state court proceeding to overturn a final federal judgment.

---

[4]    It is not as if D & L was lacking for resources had it wanted post-judgment relief on its
purported contract claim. The Federal Rules provide ample instance to alter, amend or reconsider
a final and appealable judgment. For example, D & L could have availed itself of a Rule 59(e)
motion to alter or amend the June 24, 2008 judgment within ten days of its entry. D & L failed to
so move. D & L might also have filed a motion to reconsider Judge Block's ruling specifying
that the fee award check should be issued jointly to Witter and D & L. Such a motion could have
been made up to thirty days after the entry of judgment. Yet it filed no such motion. Further, D &
L could have taken advantage of the local rules of the Eastern District of New York which afford
litigants a relatively rare opportunity to have the fee matter sent to its Mandatory ADR program.
(It is one of only ten United States District Courts in the country to have such a program.) Or,
using again the local rules of Court, D & L might have asked for a special master to adjudicate
its contract claims and attack the judgment in the federal court where the judgment was entered.
Finally, of course, D & L could have appealed the judgment to the United States Court of
Appeals for the Second Circuit, either opting for a conventional appeal or moving in the
reviewing court for some species of arbitration or court-annexed mediation. None of these many
opportunities were taken up by D & L. So now it turns to an Illinois state court to overturn a
federal judgment.

18    D & L's attempt to have a state tribunal overturn a final federal court judgment may be reduced metaphorically as follows: A car, already critically low on fuel, sets out from Brooklyn on a journey. There are five service stations nearby along the car's route; and one in lower Manhattan across the Brooklyn Bridge. The driver, however, cruises blithely by these convenient fueling points and instead tries to speed the 800 miles to Wheaton, Illinois, to refuel, only to stall out in Hoboken, NJ. The car, like the case, should never have left New York.

19.    This Court should now enforce the judgment and, accordingly, enjoin D & L's Petition for a Preliminary Injunction in the Illinois state court. 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, *or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments"*) (emphasis supplied).

### 5. PAYMENT OF THE JUDGMENT PROCEEDS INTO THE REGISTRY OF THE COURT PURSUANT TO FEDERAL RULE 67 AND THE EQUAL DISTRIBUTION THEREOF.

20.    Federal Rule 67(a) allows the Court to accept deposits of money where such assets are in dispute in a case.

21.    Witter, as a joint payee on the $298,000 check, is a holder of the asset for purposes of the Rule.

22.    The check should be paid into the registry of the court and then distributed equally to Witter and D & L as the judgment provides.

**WHEREFORE**, Witter requests the following relief: (a) that this Court enforce the final June 24, 2008 judgment; (b) that it enjoin the state court proceedings attempting to collaterally attack and overturn the final federal court judgment; (c) that an order be entered paying the settlement funds into the registry of court pursuant to Federal Rule 67(a); (d) that the judgment

6

proceeds then be immediately equally distributed to the judgment creditors, The Law Offices of

Brian C. Witter, PC, and The Law Offices of DiTommaso Lubin, PC, pursuant to the court's

inherent powers to effectuate its own judgments; and (e) for such other and further relief as the

Court may deem necessary and just.


**BRIAN C. WITTER**


**By:**      **/s/ Brian C. Witter**


**Dated: August 20, 2008**


Brian C. Witter, *PC*
**Law Offices of Brian C. Witter,** *PC*
111 West Jackson Boulevard
Suite 1100
Chicago, IL 60604
(312) 961-4942 (T)
(312) 386-9759 (F)
*briancwitterpc@gmail.com*
Attorney No. 6198156

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PAMELA ECKHAUS, individually and                    )
on behalf of all others similarly situated,         )
                                                    )
          Plaintiff,                                )       06 CV 00985
                                                    )
          -vs-                                      )       Judge Block
                                                    )
NATURE's PILLOWS, INC., BILL McALLISTER             )       Magistrate Matsumoto
BRAD SPECTER and STEVE SILBIGER,                    )
                                                    )
          Defendants.                               )

## FINAL APPROVAL ORDER

### IT IS HEREBY ORDERED:

1.     On March 14, 2008 this Court preliminarily approved the Class Settlement

Agreement ("Agreement") reached between Pamela Eckhaus ("Plaintiff") and the class of

persons as defined in the Agreement ("Class"); and Defendants Nature's Pillows, Inc.,

Bill McAllister, Brad Specter, and Steve Silbiger ("Defendants").

2.     The notice given to the members of the class—publication in the USA Today

Weekend Edition on April 11 and 18, 2008—was reasonably calculated under the

circumstances to apprise them of the pendency of this action, all material elements of the

proposed settlement, their opportunity to exclude themselves from, to object to, or to

comment on the settlement and to appear at the settlement hearing. The notice was

reasonable and the best notice practicable under the circumstances; was due, adequate

and sufficient notice to all class members; and complied fully with the laws of the United

States and the Federal Rules of Civil Procedure, due process and any other applicable

rules of court. A full opportunity has been afforded to the members of the class to

participate in the hearing, and all members of the class and other persons wishing to be

of the attorney time and out-of-pocket costs incurred by Class Counsel. Defendants shall

transmit to DiTommaso & Lubin within fourteen (14) days of the Effective Date as

defined in the Settlement Agreement: (1) a check in the amount of $298,000 made out to *jointly to*

*Vincent L. DiTommaso, Peter S. Lubin & Brian C. Witter;*

~~DiTommaso & Lubin, which DiTommaso & Lubin will distribute among Class Counsel;~~

and (2) a check in the amount of $2000 made out to Pamela Eckhaus, which DiTommaso

& Lubin will transmit to Mrs. Eckhaus.

9.      **Release of UrineGone™ Claims**: Plaintiff and each member of the Settlement

Class, their spouses and former spouses, as well as the present, former, and future

respective heirs, executors, administrators, representatives, agents, attorneys, partners,

successors, predecessors-in-interest, and assigns of Plaintiff and each Settlement Class

member, pursuant to the Settlement Agreement and Amendment thereto approved by this

final order, have discharged Defendants, as well as all of their present, former, and future

direct and indirect parent companies, affiliates, subsidiaries, divisions, agents,

franchisees, successors, predecessors-in-interest; and all of the aforementioned'

respective present, former, and future officers, directors, employees, shareholders,

attorneys, agents, vendors, couriers, independent contractors, and assigns, from any and

all rights, duties, obligations, claims, actions, causes of action, or liabilities, whether

arising under local, state, or federal law, whether by statute, contract, common law, or

equity, whether known or unknown, suspected or unsuspected, asserted or unasserted,

foreseen or unforeseen, actual or contingent, liquidated or unliquidated that, as of the date

that this Order is entered: (1) arise out of or are related in any way to any or all of the

acts, omissions, facts, matters, transactions, or occurrences that were directly or indirectly

alleged, asserted, described, set forth, or referred to in the case captioned *Eckhaus v.*

*Nature's Pillows, et al.*, Case No. 06-CV-985, currently pending in the United States District Court for the Eastern District Court of New York before the Honorable Fredrick Block ("the UrineGone™ Litigation"); (2) are, were, or could have arisen out of or been related in any way to the UrineGone™ Litigation.

10.     Nothing contained in the release agreed to by the parties and set forth in Paragraph 9 herein shall be construed to prevent or impede Settlement Class members, including the Class Representative, from (1) individually seeking product refunds for Urine Gone kits purchased from defendant Nature's Pillows, Inc.; or (2) individually bringing tort claims for property damage or personal injury arising from UrineGone™ products.

11.     Plaintiff and each member of the Settling Class is hereby fully and finally enjoined from prosecuting all claims released by the release agreed to in the Settlement Agreement and Amendment thereto, as set forth in Paragraph 9 herein.

12.     As provided for in the Settlement Agreement, Defendants have agreed to change the original television advertising spots for Urine Gone™, whether broadcast via television, radio, internet, print, or other means.

13.     The claims of Plaintiff and the class set forth in the Second Amended Complaint are dismissed with prejudice pursuant to the parties' settlement.

DATE _June 23, 2008_

Entered: _____
The Honorable Frederic Block
United States District Judge

303:

Natures Pillows
2607 Interplex Drive
Trevose, PA 19053-6946
215 ___ .0801
Urine Gone

SUN NATIONAL BANK
55-842/312

6/24/2008

$ **298,000.00

PAY TO THE
ORDER OF    DiTommaso & Lubin P.C. and Brian Witter

Two Hundred Ninety-Eight Thousand and 00/100*************************************************************************** DOLLARS

DiTommaso & Lubin P.C. and Brian Witter
17 W. 220 2nd Street
Suit 200
Oakbrook Terrace, IL 60181

⑈00303⑈ ⑈031206420⑈ ⑈4750718457⑈

---

303

Natures Pillows, Inc.
2607 Interplex Drive
Trevose, PA 190 __ 6946
215-6 ___ ___
Urine Gone

SUN NATIONAL BANK
55-842/312

6/24/2008

$ **2,000.00

PAY TO THE
ORDER OF    Pamela Eckhaus

Two Thousand and 00/100************************************************************************************************ DOLLARS

Pamela Eckhaus
1204 Caffrey Ave.
Far Rockaway, NY 11691

⑈03031⑈ ⑈031206420⑈ ⑈4750718457⑈

# McElroy & Associates LLP
### ATTORNEYS AT LAW

202A NORTH MONROE STREET
MEDIA, PA 19063
610.566.8301 • FAX 610.566.8305

RICHARD P. McELROY
JEFFREY C. McELROY

DELTE DIAL 610.566.8302

July 7, 2008

*Via Federal Express*

Vincent DiTommaso, Esquire
DiTommaso, Lubin P.C.
17 W. 220 2nd Street
Suite 200
Oakbrook Terrace, IL 60181

Re:   Pamela Eckhaus v. Nature's Pillows, et al.

Dear Vince:

Enclosed are two checks; the first in the amount of $298,000.00 payable to your firm and Brian Witter; the second in the amount of $2,000.00 payable to Ms. Eckhaus. This concludes the matter from defendants' viewpoint.

Very truly yours,

Richard P. McElroy

RPM:mes
Enclosures

Cc:   Matthew H. Adler, Esquire (no enclosure)
Bradley Specter (no enclosure)
Steven Silbiger (no enclosure)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DiTommaso Lubin, PC,                          )
                                              )
            Plaintiff,                        )          FILED: AUGUST 24, 2008
                                              )          08CV4825
      v.                              Case No. )         JUDGE PALLMEYER
                                              )          MAGISTRATE JUDGE VALDEZ
Brian C. Witter and Law Offices of            )
Brian C. Witter, PC,                          )          CEM
                                              )
            Defendants.                       )
                                              )

## NOTICE OF REMOVAL

Defendants, pursuant to 28 U.S.C. § 1441, *et seq.*, hereby give notice of their desire to exercise their rights to remove the above-entitled action from the Court of the Eighteenth Judicial Circuit, DuPage County, Wheaton, Illinois, Case No. 08-CH-2378. In support of their Notice of Removal, defendants state as follows:

### 1. Original Jurisdiction in the District Courts.

1.     This is an action that stems from a final federal court judgment entered in the United States District Court for the Eastern District of New York on June 24, 2008 by the Honorable Frederic Block in the matter of *Eckhaus v. Nature's Pillows, et al., 06-CV-985.*

2.     The New York federal court explicitly retained jurisdiction to enforce the settlement and the June 24, 2008 judgment; original jurisdiction in the federal courts therefore not only exists but is ongoing. *See, e.g., City of Chicago v. International College of Surgeons, 522 US 156, 163 (1997) ("the propriety of removal depends on whether the case could have been originally filed in a federal court.")*

3.      The Eckhaus matter, a Rule 23 consumer class action, was brought pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. 1332(d), and so is also expressly governed by federal statutory law.

4.      On August 19, 2008, pursuant to 28 U.S.C. § 1963, a certified copy of the New York judgment was registered with the Clerk of the United States District Court for the Northern District of Illinois. The registered judgment may now be given the same force and effect as the original judgment and enforced accordingly in the Northern District of Illinois. ("A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.") 28 U.S.C. § 1963.

5.      The parties in the state court action are judgment creditors with respect to the June 24, 2008 New York judgment; and both reside in this District. The property in dispute, a $298,000 check for attorneys' fees, is also located within the boundaries of this District.

6.      The Registration Action is currently pending before the Honorable Amy J. St. Eve, Case. No.08-CV-4720. Judge St. Eve has "taken jurisdiction to determine jurisdiction" and requested briefing on the issues of: (1) the scope of the court's ancillary jurisdiction; and (2) the effect of the New York court's retention of jurisdiction to enforce the terms of the June 24, 2008 judgment.

## 2. Important Issues of Federal and Constitutional Law.

7.      The state court proceeding—in the form of a Petition for Preliminary Injunction— attempts to collaterally attack a final federal court judgment. The action was filed on July 28, 2008, thirty-four days after the New York judgment became final on the merits for appellate and claim preclusion purposes, and four days after any opportunity for appellate review had elapsed.

2

8.      An Article III Court entered a final and appealable Rule 54(a) judgment. The state court plaintiff then failed to seek post-judgment relief in the District Court or on appeal. Therefore, the federal judgment automatically precludes subsequent state court litigation due to the Supremacy Clause of Article VI of the United States Constitution.

9.      State courts are barred constitutionally from disregarding the judgments of federal courts. The state court action, on its face, invites an Illinois trial court to do just that: disregard and overrule a final federal court judgment by making a determination with respect to the distribution of the judgment proceeds. (A final judgment over which both the court of first instance in New York—and, it is submitted, an Illinois federal court—already have original jurisdiction.)

10.     Nor was there any express reservation of any claim—state court or otherwise—in the June 24, 2008 judgment which would allow plaintiff a good faith basis *to file any action* trying to alter, amend, modify, reconsider or appeal the New York judgment in any event. (*See Restatement (Second) Judgments, § 26(1)(b); Wright, Miller, and Cooper, Federal Practice and Procedure, §4413.*)

11.     The state court case, by collaterally attacking a final federal judgment, implicates the core of Article III judicial power and attempts to impede a federal tribunal from effectuating and enforcing a final decree. *Kokkonen v. Guardian Life Insurance Co.,* 511 US 375, 379 (1994) (ancillary jurisdiction permits district court, *inter alia,* "to vindicate its authority and effectuate its decrees.")

### 3. "After Acquired" Removal Jurisdiction.

12.     Plaintiff originally filed this action on June 23, 2008, raising strictly state court claims.

13.     On July 24, 2008, the thirty day appeal period on the New York judgment elapsed.

14.     On July 28, 2008, the state court plaintiff, having disregarded every relevant federal post-judgment procedural deadline, filed its injunction petition trying to appeal the federal judgment in a state court.

15.     The thirty day period for removal of this action therefore began to run when defendants had notice on July 28th that the collateral attack on the federal judgment was underway. The Notice of Removal is therefore timely. ***Knudsen v. Liberty Mutual Life Insurance Company***, 411 F3d 805, 807 (7th Cir 2005): ("[A]n amendment to the pleadings that adds a claim under federal law…opens a new window of removal.")

## 4. The Pleadings.

16.     The relevant state court pleadings, as required, are annexed hereto as exhibits: (A) ***Petition for Preliminary Injunction;*** (B) ***Defendants' § 2-619(a)(4) Motion to Dismiss as Barred by a Prior Federal Court Judgment, and for Other Relief.***

17.     Also attached as Exhibit C is the ***Emergency Motion to Enforce Judgment and for Other Relief***, filed August 20, 2008 in the Registration Action pending before Judge St. Eve. (Attached as Exhibits D, E, and F are, respectively: a copy of the certified June 24, 2008 New York judgment; a copy of the $298,000 check made jointly and equally payable to the parties to the state court action; and the transmittal letter for the check made equally payable in satisfaction of the judgment proceeds.)

18.     Defendants are in accord that the state court action should be removed and so the rule of unanimity is satisfied.

19.     Defendants, as required, will immediately file this Notice of Removal with the Clerk of the Court of the Eighteenth Judicial Circuit, DuPage County, Wheaton, Illinois, so that the state court will cease all further proceedings in Case No. 08-CH-2378.

**WHEREFORE**, defendants request the following relief: (a) that the above-entitled action be removed from the Illinois State Court to the United States District Court for the Northern District of Illinois, Eastern Division; (b) that this case be consolidated as a related action with Case No. 08-CV-4720 before the Honorable Amy J. St. Eve; and (c) for such other and further relief as this Court may deem necessary and just.

**BRIAN C. WITTER**

**By:**      **/s/ Brian C. Witter**

**Dated: August 23, 2008**

Brian C. Witter,
**Law Offices of Brian C. Witter,**
111 West Jackson Boulevard
Suite 1100
Chicago, IL 60604
(312) 961-4942 (T)
(312) 386-9759 (F)

Attorney No. 6198156