IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Pamela Eckhaus,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No. 08-CV-4720** |
| vs. ) | |
| ) | **Honorable Amy St. Eve** |
| ) | |
| **Nature's Pillows, et al.** ) | **Magistrate Judge Keys** |
| ) | |
| **Defendants.** ) | |
| ) | |

## WITTER'S RESPONSE TO MOTION OF DITOMMASO LUBIN TO REASSIGN CASE AS RELATED

Brian C. Witter ("Witter"), in response to the motion of DiTommaso Lubin ("D & L") to reassign Case No. 08-CV-4825 as related, states as follows:

### 1. Reassignment.

1. The parties apparently agree, subject to this court taking jurisdiction, that reassignment of Case No. 08-CV-4825 (the "Removal Action"), currently assigned to the Honorable Rebecca Pallmeyer, with the instant case (the "Enforcement Action") is appropriate.

### 2. Jurisdiction.

2. While D & L is correct in pointing out that jurisdictional issues "overlap" in the two cases, there exists in the Removal Action an additional federal jurisdictional predicate by virtue of the state court action's collateral attack on a final federal judgment.[1]

---

[1] Witter well understands that this court "took jurisdiction to determine jurisdiction," and he employed the quoted term of art both in his *Notice of Removal* and *Motion to Reassign Case as Related* to signal that understanding.

3.      Simply, a backdoor appeal of a federal judgment in a state tribunal and an enforcement action are rather different creatures. The former affronts Article III federal judicial power; the latter seeks merely to have the terms of a federal decree effectuated.

4.      Witter's jurisdictional argument to this court can be illustrated by a simple syllogism:

> *If* the New York federal court that entered judgment had original jurisdiction; AND
>
> *If*, under 28 U.S.C. § 1963, a judgment that has been registered in this district has the same effect as the original judgment and may be enforced as would any other judgment; THEN:
>
> This court now has original jurisdiction to enforce the New York federal judgment.

5.      Such, Witter submits, represents a proper invocation of the court's ancillary jurisdiction as regards the use of the provisional and final remedies prescribed by the Federal Rules to enforce judgments. [2]

### 3. Removal.

6.      Witter's Notice of Removal was explicitly <u>not based</u> on a *res judicata* defense.[3]

7.      The issue here is not that the state court claims are precluded by former adjudication but rather that the claims themselves, *res judicata* or not, represent a collateral attack on a final federal court judgment. In such an instance, both the

---

[2]   Since 1990, 28 U.S.C. § 1367 has somewhat confusingly grouped the old concepts of ancillary and pendant jurisdiction under the rubric 'Supplemental Jurisdiction."

[3]   The topic headings in the removal notice—one would have thought—make this plain. Moreover, Witter is well aware that a *res judicata* defense may not serve as a basis for removal; and that this rule is both well settled and, in fact, rather hoary, having been decided by the United States Supreme Court, if memory serves, not long after the end of the American Civil War.

Supremacy Clause of the United States Constitution and the inherent powers of Article III courts are directly implicated, creating federal law issues that on their own justify removal of the action. [4]

8.  Timeliness of removal is also unimpeachable since the state court claims were originally asserted *prior* to the New York judgment at issue here even being entered. This simple timeline captures nicely the pathology:

> **June 23, 2008**: state court claims filed in DuPage County *and* immediately asserted in New York case via both ECF filing and argument at final fairness hearing; Judge Block signs final approval order splitting fees;
>
> **June 24, 2008**: New York federal court enters final judgment on docket immediately barring relitigation of all state court claims which are merged into judgment; [5]
>
> **July 24, 2008**: appeal period runs on June 24th judgment;
>
> **July 28, 2008**: state court preliminary injunction petition is filed attempting backdoor appeal and collateral attack on final judgment and creating "after acquired" removal jurisdiction by assertion in amended pleading of federal law claims; [6]

---

[4]  The other independent ground for removal jurisdiction, of course, arises from the New York court's retention of original jurisdiction for enforcement purposes which, as Witter has argued, is now conferred upon this court through the aegis of the congressional mandate of 28 U.S.C. § 1963 and the court's ancillary jurisdiction.

[5]  These claims therefore flickered very briefly, less than twenty-four hours, until the entry of judgment extinguished them for purposes of relitigation. The operation of this "merger and bar" goes to the "after-acquired" removal analysis as well, since what lawyer would imagine that these claims could be reasserted *five weeks later* in derogation of a final judgment. Such is why timeliness for removal purposes is determined by the pleadings, so that defendants aren't charged with consulting a medium or seeing a tarot card reader to divine the intentions of plaintiff with respect to the assertion of any conceivable federal law claim.

[6]  This entire enterprise, by the way, and this puts it gently, has at times the air of a case where a *pro se* litigant takes an appeal from an NDIL judge to the Circuit Court of Cook County or where a prisoner detained at the MCC on federal charges fires off writs of habeas corpus to a justice of the peace in Aurora.

**July 30, 2008**: Witter serves by facsimile Motion to Dismiss Preliminary Injunction as Barred by a Prior Federal Court Judgment and contacts Clerk of the Eastern District of New York to obtain certified copy of final judgment, etc., etc.

### 4. Remedy.

9. Witter's emergency motion to enforce the New York judgment requested relief pursuant to Federal Rule 67(a) because under the circumstances—a single check awaiting deposit and equal distribution—this remedy affords the simplest and most expeditious method available under the provisional and final remedies section of the Federal Rules of Civil Procedure. (Section VIII: Fed. R. Civ. P. 64-71.)

10. Enforcement relief under Rule 69 may have been appropriate as well and actions under this rule appear to fall explicitly within the court's supplemental (or ancillary) jurisdiction. *See* **Yang v. City of Chicago,** 137 F3d 522, 525 (7th Cir 1998).

11. A writ of enforcement or execution might have been issued, a federal marshal enlisted, the check brought into court, and so on, but such a procedure seems both unduly dramatic and inefficient.

12. In all events, should this court take jurisdiction to enforce the New York judgment, something akin to a Rule 67 deposit will still be necessary so that the check in satisfaction of the judgment can be distributed equally to the judgment creditors.

**BRIAN C. WITTER**

**By:**   **/s/ Brian C. Witter**

**Dated: September 1, 2008**

Brian C. Witter,
**Law Offices of Brian C. Witter,**
111 West Jackson Boulevard
Suite 1100
Chicago, IL 60604
(312) 961-4942 (T)
(312) 386-9759 (F)

Attorney No. 6198156